## Appeal of FORT ORANGE PAPER CO.          Docket No. 641.

1. Where, in prior taxable years, a taxpayer failed to deduct a reasonable allowance for the depreciation of property used in its business, it may not accumulate the additional depreciation sustained in those years and deduct it in the taxable year, in addition to the depreciation sustained in that year, if the property has a further useful life.

2. Where a deficiency is asserted in one year, less an overassment in the preceding year, the Board has jurisdiction to consider the appeal as to both years and to determine the correct amount of the tax in each year.

3. For the purpose of determining invested capital in the years involved in an appeal, the Board has jurisdiction to determine whether proper allowances for depreciation were made in prior years not involved in the appeal.

Submitted January 15, 1925; decided May 23, 1925.

*Edward Clifford*, *Esq.*, and *Benjamin B. Pettus*, *Esq.*, for the taxpayer.

*A. H. Fast*, *Esq.*, for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

This appeal involves a deficiency in income and profits taxes for the calendar year 1920. A hearing was had and the case submitted on the pleadings and the evidence, from which the Board makes the following

### FINDINGS OF FACT.

1. The taxpayer is a corporation organized under the laws of the State of New York, with its principal office at Castleton-on-Hudson, N. Y. It is now and has been for many years engaged in the manufacture of paper board and folding cartons. The corporation owns its plant, which is located at Castleton-on-Hudson, N. Y.

2. In computing its net income for the years 1917 and 1918 the taxpayer deducted certain amounts as a reasonable allowance for the exhaustion, wear and tear of property used in its business. It subsequently filed amended returns for the years 1917 and 1918 and claimed deductions for exhaustion, wear and tear of the property in amounts fifty per cent in excess of the amount of such allowances claimed in its original returns for those years. The deductions taken

in the amended returns were based on the following rates and were allowed by the Commissioner:

|  | Per cent. |
|---|---|
| Machinery and equipment | 11½ |
| Office and warehouse | 2 |
| Railroad equipment | 11½ |
| Railroad scales | 11½ |
| Office furniture and fixtures | 10 |
| Stable and garage equipment | 20 |

The taxpayer filed an income and profits tax return for the year 1919, and deducted for exhaustion, wear and tear of property used in its business an amount computed at the same rates as the deductions taken and allowed on its amended returns for the years 1917 and 1918. The deduction taken by the taxpayer on its return for the year 1919 was also allowed by the Commissioner.

3. When the taxpayer prepared its income and profits tax return for the year 1920 it determined that it had made an erroneous estimate of the life of the property used in its business, and that, due to the extraordinary strain to which its plant had been subjected during the years 1917, 1918, 1919, and 1920, the rate of exhaustion, wear and tear used in computing its deductions for that purpose in the years 1917, 1918, and 1919 would not reflect the total amount of exhaustion, wear and tear of its property in the year 1920, and that such rates did not accurately reflect the amount of exhaustion, wear and tear that occurred in the years 1917, 1918, and 1919. In computing its net income for the year 1920 it deducted on account of exhaustion, wear and tear an amount computed at the following rates:

|  | Per cent. |
|---|---|
| Machinery and equipment | 15 |
| Buildings | 6 |
| Railroads | 15 |
| Office furniture and fixtures | 20 |
| Garage equipment | 25 |

It also deducted an additional amount to cover the exhaustion, wear and tear which it determined the property used in its business had sustained in the years 1917 to 1919, inclusive, but which had not been deducted on either its original or amended returns for those years.

4. During the years 1917, 1918, 1919, and 1920 the taxpayer operated its plant to its maximum capacity and subjected it to extraordinary stress and strain, in order to keep up with the requirements of its customers. The peak of the volume of business was reached in 1920, and after that year it was found that the plant and equipment had deteriorated to such an extent that parts thereof had to be practically rebuilt and replaced. Due to the extraordinary circumstances surrounding the operation of taxpayer's plant in the years 1917 to 1920, inclusive, exhaustion, wear, and tear thereof occurred at the following rates in each year:

|  | Per cent. |
|---|---|
| Machinery and equipment | 15 |
| Buildings | 6 |
| Railroad | 15 |
| Office furniture and fixtures | 20 |
| Garage equipment | 25 |

5. The Commissioner disallowed so much of the deduction taken by the taxpayer on account of exhaustion, wear and tear, in com-

puting its net income for the year 1920, as was in excess of the exhaustion, wear and tear that actually occurred in 1920, computed at the rates used in 1917, 1918, and 1919, and determined that there was a deficiency in tax for that year in the amount of $48,317.49 and an overassessment of $7,944.21 for the year 1919, leaving a net deficiency for the year 1920 of $40,373.28. The taxpayer was notified of the Commissioner's determination by registered letter mailed September 15, 1924. The petition herein was filed November 14, 1924.

### DECISION.

The determination of the Commissioner is approved in part. The amount of the deficiency to be assessed for the year 1920 should be computed in accordance with the following opinion and will be settled on consent or on ten days' notice, under Rule 50.

### OPINION.

MARQUETTE: The taxpayer contends that it should be allowed to deduct for depreciation, in computing its net income for the year 1920, an amount based on the rates of depreciation set forth in paragraph 4 of the findings of fact above, and that in addition thereto it should be permitted to deduct in the same year an additional amount for depreciation which occurred in the years 1917, 1918, and 1919, but was not deducted from income for those years. Taxpayer further contends that the additional depreciation claimed for the years 1917, 1918, and 1919 should be allowed for the purpose of adjusting invested capital for the years 1919 and 1920.

The Commissioner entered a plea in bar and alleged therein that the deficiency letter mailed September 15, 1924, makes no reference whatever to appellant's tax liability for the years 1917 and 1918, and that it does not show that, since the enactment of the Revenue Act of 1924, there has been a determination by the Commissioner of a deficiency in tax or a proposed assessment of additional tax against taxpayer for the year 1919. The Commissioner also answered taxpayer's petition and denied that error had been committed by him in disallowing, as a deduction in 1920, depreciation claimed to have been sustained in 1917, 1918, and 1919 in excess of the amounts already allowed as deductions for those years, or in adjusting taxpayer's depreciation deduction for the year 1920. The value of taxpayer's assets is not in dispute.

The taxpayer's several prayers for relief are inconsistent with each other. If additional depreciation for 1917, 1918, and 1919 is allowed as a deduction from gross income for 1920, it can not be allowed at the same time as deductions in prior years for any purpose whatever. However, the inconsistency of taxpayer's claim presents no difficulty here, for, under the decision of this Board in *Appeal of Even Realty Co.*, 1 B. T. A. 355, we can not allow a deduction in 1920 for depreciation occurring in prior years, if the property has a further useful life. In that decision the Board said that—

As exhaustion, wear and tear, and obsolescence occur, and are recovered, so they should be treated in tax returns, that is, they should be accounted for annually.

In *Appeal of Union Metal Manufacturing Co.*, 1 B. T. A. 395, the Board, in discussing deductions for depreciation, stated:

The mere failure of a taxpayer to take the proper deduction in each year does not permit him to take advantage of his mistake through an incorrect return in a later year, nor does it permit the Commissioner to compel an incorrect return. The law does not contemplate the adjustment in any part of an incorrectly computed tax by the incorrect computation of another tax. Unless barred by the statute of limitations, a taxpayer is not precluded from demanding a correct computation of his tax for a past year on the facts as they existed, whether originally reported or not.

Although depreciation sustained in 1917, 1918, and 1919 may not be deducted from 1920 income, it does not follow that it may not be allowed for prior years, in so far as those years are involved in the deficiency from which taxpayer appeals. In *Appeal of E. J. Barry*, 1 B. T. A. 156, the Commissioner determined that there was a deficiency for the year 1921 made up of additional tax for 1921 and an overassessment for the year 1920. The taxpayer claimed he should be allowed additional depreciation for each year, the effect of which would be to increase the overassessment for 1920, and decrease the additional tax for 1921, thereby decreasing the deficiency. This Board held that it had jurisdiction to grant the relief sought. The instant appeal is on all fours with the *Barry Appeal*. The deficiency grows out of additional income for 1920 and an overassessment for 1919. It therefore follows that the Board may permit taxpayer to deduct an additional amount for depreciation in the year 1919, if the evidence establishes that it actually occurred. Under the decision in *Appeal of E. J. Barry, supra*, we can consider every question necessary to a correct and complete determination of any deficiency which the Commissioner proposes to assess, and, therefore, if we find from the evidence that taxpayer did not take the proper deductions for depreciation in the years 1917 and 1918, we may allow them now, in order to adjust invested capital for 1919 and 1920, the years involved in the deficiency herein. See also *Appeal of Hickory Spinning Co.*, 1 B. T. A. 409.

It is disclosed by the evidence in this case that the paper mill owned and operated by the Fort Orange Paper Co. was originally built in 1858. After it was acquired by taxpayer it was enlarged from time to time. Until the year 1910 the plant was not operated on a full time basis, but in that year the corporation changed its managing officers and began to increase its business and the efficiency of the mill. During the years 1917, 1918, 1919, and 1920, the mill was run full time, 24 hours a day for 365 days each year, and it reached the peak of its operation and the maximum of output in the year 1920. The taxpayer, in its returns for 1917 and 1918, deducted for depreciation what was believed to be a reasonable allowance for that purpose. The deductions were subsequently found to be inadequate and amended returns were filed, wherein larger deductions for depreciation were taken. In the return for 1919, the deduction for depreciation was computed at the same rates of depreciation as had been used in computing the deductions taken on the amended returns for 1917 and 1918. At the close of the year 1920, it was found that the plant had to be practically rebuilt and the machinery renewed. This condition was due not only to the usual exhaustion, wear, and tear, which is incident to the operation

of paper mills, but also to the fact that during the years named the mill had been subjected to an unusual and excessive strain.

The testimony shows that, in plants of the kind involved in this appeal, deterioration of buildings, equipment, and machinery proceeds at an especially rapid rate on account of the constant presence of moisture and fumes from chemicals, as well as from other causes incident to the business of manufacturing paper board. For instance, it is shown by the testimony that, in this particular mill, a roof, either metal or wood, lasts not to exceed six years; ventilators, not to exceed three years; rolls had to be reground every six or eight months, and gears were being constantly replaced. In short, the testimony, which was at length and can not be detailed here, shows, to our minds, that in taxpayer's plant and under the extraordinary conditions surrounding its operation during the years 1917 to 1919, inclusive, depreciation occurred at the rates employed by it in computing its allowance for that purpose in 1920. It follows that the taxpayer should be allowed as a deduction for depreciation for each of the years 1919 and 1920, an amount computed at the rates set forth in paragraph 4 of the findings of fact, and that an allowance computed at the same rates should be made for the years 1917 and 1918, only for the purpose of determining its true invested capital and its tax liability in the years 1919 and 1920.